## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:05CR0327-24** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Judge John M. Manos** |
| | ) | |
| **DAMIEN NOBLE** | ) | |
| | ) | |
| **Defendant.** | ) | **ORDER** |

On November 9, 2005, a Superseding Indictment was filed charging Damien Noble, Defendant, with one (1) count of violating 21 U.S.C. § 846 (conspiracy with intent to distribute and to distribute cocaine and marijuana); seven (7) counts of violating 21 U.S.C. § 843(b) (use of a communication facility to facilitate a drug trafficking offense); one (1) count of violating 21 U.S.C. § 841(a) & (b)(1)(B) (possession of crack cocaine); and one (1) count of violating 18 U.S.C. § 922(g) and 18 U.S.C. § (a)(2) (felon in possession of a firearm). (Docket No. 296.)

On December 29, 2005, Nobel filed a motion to suppress. (Docket No. 389.) On January 10, 2006, the government filed a brief in opposition. (Docket No. 399.) On February 8, 2006, the parties filed a joint statement waiving an evidentiary hearing. (Docket No. 435.)

For the following reasons, Noble's motion to suppress (Docket No. 389) is **DENIED**.

## I. FACTUAL BACKGROUND

The facts in this case are not in dispute. On March 16, 2005, Noble and co-Defendant Todd Coleman rented an apartment. On June 12, 2005, their landlord, fearing that they had abandoned the premises, entered the apartment through a common access panel. Prior to doing so, he knocked on the front door, but no one answered. He made attempts to contact them, but to no avail. He did contact a neighbor who indicated that neither Noble nor Coleman had been seen in the last two weeks. He also noticed that the locks had been changed. Upon entering the apartment, he found cocaine residue, drug paraphernalia, a digital scale, two hand guns, and a letter from the Drug Enforcement Agency indicating it has seized $15,000.00 from Coleman.

The landlord contacted the Lorain Police Department. Records indicated that Noble had been arrested on March 11, 1997 for possession of crack cocaine and drug paraphernalia, and on August 21, 2002 for delivering cocaine before a controlled buy.

Based on this evidence, Detective Sergeant Albert Rivera, Lorain Police Department, applied for and obtained a search warrant for Noble's apartment. During the search, officers seized cocaine residue, two handguns, and various items that contained cocaine residue: a scale, a razor blade, plastic bags, and two glass jars.

It is undisputed that the lease prohibits the landlord, absent an emergency, from entering the premises without consent. (Defendant's Ex. B). It also undisputed that Ohio law prohibits a landlord, absent an emergency, from entering a tenant's premises without prior notice, unless it is impracticable to do so. See O.R.C. § 5321.04(A)(8). Based on these facts, Noble argues that the landlord's entry into his apartment, and subsequent police search, was illegal. Thus, according to him, any evidence seized should be suppressed.

## II.  LAW AND ANALYSIS

The Fourth Amendment to the United States Constitution states that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  U.S. Const. amend. IV.  It is axiomatic that the Fourth Amendment only proscribes governmental action.  See United States v. Lambert, 771 F.2d 83, 89 (6th Cir. 1985).  Thus, searches conducted by private individuals, even if unreasonable, do not violate the Fourth Amendment.  Id.  Once a private search is conducted, "the government's subsequent use of the information obtained in the private search does not implicate the Fourth Amendment as long as the government's use does not exceed the scope of the private search."  United States v. King, 55 F.3d 1193, 1196 (6th Cir. 1995).  This is true even if the private party betrayed a confidence in providing information to the government.  Id.  In fact, even if the private search arguably violated state law, the government is entitled to employ the evidence uncovered in the search.  See United States v. Bruce, 396 F.3d 697, 706 (6th Cir. 2005) (citing United States v. Nelson, 459 F.2d 884, 887 (6th Cir. 1972)), vacated on other grounds by United States v. Bruce, 405 F.3d 1034 (6th Cir. 2005).

However, if the private individual was acting as an agent of the government or with the participation or knowledge of any governmental official, the Fourth Amendment is implicated.  Lambert, 771 F.2d at 89.  In the Sixth Circuit, in order for a person to be deemed "acting as an agent of the government," two factors must be shown:

> First, the police must have instigated, encouraged or participated in the search.  Second, the individual must have engaged in the search with the intent of assisting the police in their investigative efforts.

Id.  Indeed, a private individual does not act as an agent of the government if "the intent of the

private party conducting search is entirely independent of the government's intent to collect evidence for use in a criminal prosecution." United States v. Robinson, 390 F.3d 853, 872 (6th Cir. 2004). Here, there is no evidence that the police instigated, encourage, or participated in the search by the landlord. Also, it is undisputed that the landlord's intent upon entering the premises was to determine if they had been abandoned. Thus, the landlord was not acting as an agent of the government. Lambert, 771 F.2d at 89. Because the landlord was acting solely as a private individual, his search did not implicate the Fourth Amendment and the government is free to use any evidence that was uncovered. Bruce, 396 F.3d at 706.[1]

Even if the landlord's affidavit was deemed insufficient to establish probable cause, the Court concludes that Detective Rivera is entitled to the good faith exception to the exclusionary rule. Generally, evidence seized pursuant to a search warrant should not be suppressed except:

> (1) where the affidavit contains information the affiant knows or should have known to be false; (2) where the issuing magistrate wholly abandoned his or her judicial role; (3) where the affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable [or] where the warrant application was supported by [nothing] more than a "bare bones" affidavit; (4) where the warrant is so facially deficient that the executing officers cannot reasonably presume it to be valid.

United States v. Washington, 380 F.3d 236, 241 (6th Cir. 2004); see also United States v. Leon, 468 U.S. 897, 923 (1984). Here, Noble does not allege that the affidavit contained false information. Also, there is no evidence that the magistrate abandoned his judicial role. Rather, the affidavit contained specific information regarding the presence of drugs and firearms on the premises and Detective Rivera's research indicated that Noble had a history of drug trafficking.

---

[1] Thus, the Court need not address whether the landlord's search violated state law or the terms of the lease.

-4-

Thus, even if the affidavit was somehow insufficient to establish probable cause, it is certainly sufficient to fall under the Leon good faith exception.

### III.  CONCLUSION

For the foregoing reasons, the motion to suppress (Docket No. 389) is **DENIED**.

**IT IS SO ORDERED**

**Date: February 09, 2006**            */s/ John M. Manos*  
                                          **UNITED STATES DISTRICT JUDGE**